# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**HILDA L. SOLIS**, Secretary of Labor, Petitioner v. **PULTEGROUP, INC.,** Respondent

*Secretary of Labor's Petition for Enforcement of Administrative Subpoena Duces Tecum*

# Exhibit 11



DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Joseph A. Turzi
joe.turzi@dlapiper.com
T  202.799.4252
F  202.799.5252

January 23, 2012

*VIA U.S. MAIL AND FACSIMILE [313-226-3072]*

Ms. Timolin E. Mitchell
District Manager
U.S. Department of Labor, Wage and Hour Division
Detroit District Office
211 W. Fort Street, Suite 517
Detroit, MI 48226

**Re:   Department of Labor Subpoena Duces Tecum**

Dear Ms. Mitchell:

I represent PulteGroup, Inc. (Pulte) with respect to the subpoena served by the Department of Labor (DoL) Wage and Hour Division on Pulte, dated January 6, 2012. The subpoena has a response date of January 23, 2012.

The subpoena contains five requests numbered 1 through 5, which I summarize below (emphasis added):

1. All payroll records of any type relating to all persons currently or formerly employed by Pulte or its affiliates who were or are, *in any way*, involved in the construction of single family homes or component parts. You seek this information for five identified payroll periods in eight named states.

2. All payroll records for *persons* currently or formerly employed or *utilized* by Pulte at the Allston community in Redmond Ridge East.

3. The identities of all contractors and suppliers that have performed work at the Redmond Ridge East community, or that *will perform work within the next 12 month period*.

4. Contracts with the entities identified in item number 3.

5. All Form 1099s issued for "those who have performed work for Pulte" at the Redmond Ridge East community.

As previously discussed with DoL, both orally and in writing, Pulte believes that the investigation and information requests by DoL are beyond the scope of its authority. Despite repeated requests, DoL has not provided any adequate explanation for this fishing expedition. Rather, in DoL's September 20, 2011 letter, DoL tacitly acknowledged that no issue existed with respect to Pulte that merited an investigation, but that DoL was engaged "in a corporate-wide investigation of . . . homebuilders across the country."

As Pulte previously explained in a letter dated November 22, 2011, this investigation appears to be prompted by a report produced by a well-known union advocate, David Weil. Based on publicly available information, it appears that DoL has never entertained any competing views or even had Mr. Weil's analysis validated. As such, DoL's investigation based on Mr. Weil's hidden agenda constitutes an abuse of process.



Ms. Timolin E. Mitchell
January 23, 2012

Page Two

Others have also raised issues about Mr. Weil's study. The U.S. House of Representatives Committee on Oversight and Government Reform requested that Mr. Weil provide the underlying data necessary for validation of his report. Mr. Weil rebuffed Congress's request to provide that information despite the fact that his report was produced with public funds. Consequently, on January 10, 2012, the Committee sent a letter to the Secretary of Labor demanding the production of the underlying data and other elements of the publically funded research study.

Pulte has stated repeatedly its willingness to provide information serving a legitimate objective under the Fair Labor Standards Act. To date, DoL has not offered a legitimate objective for the information it seeks. Nevertheless, in the spirit of cooperation, Pulte will provide the following information:

- Electronic payroll records for the states and time period sought in request number 1, limited to persons employed by Pulte, as defined by DoL, who work at single family home construction sites and are involved in the construction of such homes.

- Electronic payroll records for current employees at Pulte's Redmond Ridge East community sought in request number 2. Pulte cannot provide payroll records for former employees at Redmond Ridge East in the format requested, as Pulte does not have the ability to pull that information at the community level. Pulte cannot provide information relating to employees "*utilized*" by others at that site, as Pulte does not have such records.

Request numbers 3, 4, and 5 seek information that does not relate to former or current Pulte employees. Rather, these requests seek information regarding *other employers*. Compounding the inappropriateness of such requests, DoL also seeks this information for twelve months into the future – a time period for which there clearly cannot be any FLSA violations that fall within DoL's investigatory authority. There has been no explanation proffered by DoL for these requests and none is apparent, other than to advance Mr. Weil's collateral objectives. Pulte should not be required to honor such requests.

With regard to the subpoena's demand that Pulte provide a "Custodian of Records" to appear and testify at DoL's Detroit, Michigan office on January 23, a custodian of records will not be appearing at your office today. Pulte will, however, make a custodian of records available when it provides the above referenced payroll records.

Best Regards,

*Joseph A. Turzi /sc*

Joseph A. Turzi

cc:   Richard A. Kordys, Department of Labor, Office of the Solicitor (via facsimile [312-353-5698])