UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILDA L. SOLIS,
SECRETARY OF LABOR,

        Plaintiff,        CIVIL ACTION NO. 12-50286

  vs.        DISTRICT JUDGE ARTHUR J. TARNOW

PULTEGROUP, INC.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Court recommends that Plaintiff's petition for enforcement of administrative subpoena *duces tecum* (docket no. 1) be **GRANTED**.

**II.**    **REPORT:**

This matter comes before the Court on Plaintiff's petition for enforcement of administrative subpoena *duces tecum*. (Docket no. 1). Defendant filed a response in opposition to the petition. (Docket no. 8). Plaintiff filed a reply. (Docket no. 11). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 14). The petition has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(3).[1] (Docket no. 5). The Court heard oral argument on the petition on April 17, 2013 and took the matter under advisement. The Court is now ready to rule on the petition.

**A.**    **Facts**

---

[1] Because resolution of Plaintiff's petition will dispose of the entire matter at issue in this case the Court will proceed by Report and Recommendation. *See E.E.O.C. v. St. John Hosp. & Med. Ctr.*, No. 12-50225, 2012 WL 3887626, at *1 n.1 (E.D. Mich. June 1, 2012).

Plaintiff commenced a nationwide initiative in 2009 to improve Fair Labor Standards Act (FLSA) compliance in the construction industry after it concluded that there was a high likelihood of FLSA violations in the industry. Plaintiff claims it made the decision to launch the initiative after industry investigations revealed high non-compliance rates, post-Hurricane Katrina and Rita construction projects revealed industry practices that presented challenges to FLSA compliance, and a 2004 study identified the construction industry as having the second highest rate of likely violations out of thirty-three industries. According to Plaintiff, it focused its investigation on the residential construction industry because it was already investigating commercial and highway construction sites. Plaintiff claims that it has pursued such initiatives for decades.

As part of the residential construction initiative, Plaintiff launched a comprehensive investigation of PulteGroup, Inc and other similar homebuilders for the purpose of ensuring that vulnerable workers on residential projects are paid in compliance with the FLSA. Plaintiff claims that it selected these homebuilders for investigation because they build approximately forty percent of all new homes across the country. To spearhead the initiative, Plaintiff notified PulteGroup of its investigation and requested a comprehensive list of documents and records. PulteGroup objected to the requests, claiming that Plaintiff failed to identify the purpose of the investigation or the issue or problem that gave rise to the investigation. PulteGroup also claimed that Plaintiff's requests were overbroad and exceeded its authority.

When the parties were unable to resolve their differences through informal channels, Plaintiff served PulteGroup with a subpoena duces tecum. The subpoena commands the custodian of records for PulteGroup and its subsidiaries to produce documents and appear to testify before Timolin Mitchell, District Director of the Wage and Hour Division in Detroit, MI, on January 23, 2012. The

subpoena also demands production of the following five categories of documents:

> 1. All payroll records, time sheets, time cards, personnel records and related documents which reflect the names, addresses, social security numbers, deductions from wages, rate paid, daily and weekly hours worked for all persons currently or formerly employed by Pulte, its subsidiary, divisions, and/or brand at its home office and at all sub-offices, including any regional, division, state and area offices who were or are, in any way, involved in the construction of single family homes or the manufacture of component parts assembled at the site and used in the construction of such single family homes for each of the communities/projects/subdivisions in the following states: Michigan, Texas, California, Florida, North Carolina, Virginia, Washington, and Georgia and limited to five payroll periods, with one payroll period in each of the months of September 2009, November 2009, June 2010, June 2011, and September 2011. This includes supervisory or other employees that Pulte, its subsidiary, and/or brand have classified as exempt, as well as those that have been classified as non-exempt;
> 2. All payroll records, time sheets, time cards, personnel records and related documents which reflect the names, addresses, social security numbers, deductions from wages, rates paid, and daily and weekly hours worked for all persons currently or formerly employed or utilized by Pulte, its subsidiary, division, and/or brand at the Allston community in Redmond Ridge East, Redmond, Washington for the past two years;
> 3. Documents providing the names, addresses, and phone numbers of all contractors and suppliers of materials that will perform work within the next 12 month period, or have performed work at the Allston community in Redmond Ridge East, Redmond, Washington within the last year, and the dates on which the work was performed or is anticipated to be performed;
> 4. Contracts with all contractors and suppliers of materials that will perform work within the next 12 month period, or have performed work at the Allston community in Redmond Ridge East, Redmond, Washington within the last year; and
> 5. All Form 1099's issued for those who have performed work for Pulte, its subsidiary, divisions, and/or brand at the Allston community in Redmond Ridge East, Redmond, Washington within the last year.

Plaintiff filed the instant petition to enforce the administrative subpoena on February 28, 2012 after PulteGroup failed to produce the requested documents or appear for testimony. Plaintiff requests an order requiring PulteGroup to show cause why it failed to appear and produce the documents requested in the subpoena duces tecum, and directing PulteGroup to appear and produce the requested documents in compliance with the subpoena. PulteGroup opposes the petition for

enforcement and asks for an order staying enforcement and allowing discovery into whether Plaintiff abused its power by issuing the subpoena.

**B.     Standard**

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding the wages, hours, and conditions of employment in any industry subject to the FLSA. 29 U.S.C. § 211(a). Under its investigative power, the Secretary is permitted to enter and inspect businesses and records, question employees, and investigate facts, conditions, practices, or any matter the Secretary "may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." *Id.*

A prima facie case for enforcement of an administrative subpoena is established by demonstrating that: (1) the subpoena satisfies the terms of its authorizing statute; (2) the summoned materials are relevant to the investigation; (3) the information sought is not already within the Secretary of Labor's possession; and (4) enforcing the subpoena will not constitute an abuse of the court's process. *See Doe v. United States*, 253 F.3d 256, 265 (6th Cir. 2001). An abuse of the court's process may occur if the summons has been issued for an improper purpose, such as to harass or to put pressure on the respondent to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. *United States v. Will*, 671 F.2d 963, 967 (6th Cir. 1982); *United States v. Powell,* 379 U.S. 48, 58 (1964). The Secretary bears the burden of satisfying the first three prongs of the test, while the respondent carries the burden of demonstrating that enforcement of the subpoena will constitute an abuse of process.

"[T]here is no unqualified right to pre-trial discovery in a summons enforcement

4

proceeding," because to allow unfettered discovery would destroy the summary nature of enforcement proceedings. *Will,* 671 F.2d at 968. Indeed, discovery is generally disallowed in enforcement proceedings absent extraordinary circumstances. *United States v. Markwood*, 48 F.3d 969, 982 (6th Cir. 1995). Only when the party opposing the subpoena makes a preliminary and substantial showing of abuse should the court allow the use of discovery in an enforcement proceeding. *Will*, 671 at 968.

**C.      Analysis**

*1.      Whether the Subpoena Satisfies the Terms of Its Authorizing Statute*

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding the wages, hours, and conditions of employment in any industry subject to the FLSA. 29 U.S.C. § 211(a). The Secretary may investigate facts, conditions, practices, or matters she deems necessary or appropriate to determine whether any person has violated any provision of the FLSA, or which may aid in the enforcement of the FLSA. *Id.* Pursuant to 29 U.S.C. § 209 and 15 U.S.C. § 49, the Secretary has the power to require by subpoena the attendance and testimony of witnesses and the production of all documentary evidence relating to any matter under investigation. "An agency seeking to exercise investigative authority pursuant to a specific statutory grant to issue subpoenas is not limited to situations where there is probable cause to suspect violation of the law." *Chao v. Potter*, No. 05-mc-61, 2005 WL 4839145, at *2 (W.D. Mich. Aug. 10, 2005) (citing *United States v. Powell*, 379 U.S. at 53-56)). "[T]he Secretary may investigate on mere suspicion that the law is being violated or even just because she wants assurance that it is not," and she has "no obligation to justify the merit of her investigation as a prerequisite to enforcement of administrative subpoenas." *Id*.

Plaintiff claims that it initiated the investigation of PulteGroup as part of a nationwide initiative of similar size homebuilders in order to help ensure that workers on residential construction projects receive the wages to which they are entitled under Federal law. Based on the petition for enforcement, the parties' briefs, exhibits, and oral argument on this matter, the Court is persuaded that Plaintiff has satisfied the statutory requirements for issuing the administrative subpoena and did so for a legitimate purpose.

*2.    Whether the Subpoena Seeks Documents Relevant to the Investigation*

Relevance in enforcement proceedings must be construed broadly. *Doe v. United States*, 253 F.3d at 266. Indeed, "[t]he investigative subpoena power of the Department of Labor is equal to the subpoena power of the federal grand jury." *Friends Soc. Club v. Sec'y of Labor*, 763 F. Supp. 1386, 1390 (E.D. Mich. 1991). Consequently, a subpoena challenged on relevancy grounds must be enforced unless "there is no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject of the ... investigation." *Id.* at 1390-91. An administrative subpoena should be enforced when "the evidence sought by the subpoena [is] not plainly incompetent or irrelevant to any lawful purpose of the [agency] in the discharge of [its] duties." *Doe*, 253 F.3d at 266 (citations and internal quotation marks omitted). Although relevance is viewed broadly, the court does not have to simply accept the agency's opinion as to what is or is not relevant to the investigation. Instead, the court should weigh the likely relevance of the requested material to the investigation against the burden of producing the material. *Id.* at 267 (citation omitted).

There is no doubt that the requests made in the administrative subpoena are broad. So broad in fact that it gave this Court pause and was the impetus behind a lengthy exchange during the

6

hearing on the petition wherein the Court attempted without success to encourage the parties to work together with the Court's help to narrow the scope of the subpoena. During that exchange PulteGroup argued that it could produce certain documents relevant to six employees, but otherwise remained adamant that the requests were overbroad. Plaintiff objected to PulteGroup's limitation, and offered only that its requests were not meant to include a request for records pertaining to the company CEO or Vice President.

The Court is left with the fact that Plaintiff recited a legitimate reason for requesting each category of documents. The Court is also struck by PulteGroup's assertion that it does not employ construction workers, which minimally implies that the documents to be produced under the subpoena may not be as voluminous in application as they appear to be on their face. Given the broad definition of relevance and Plaintiff's explanation of the categories of documents it seeks, the Court is unable to conclude that there is no reasonable probability that the records requested in the subpoena will produce information relevant to the subject matter of the investigation. Accordingly, the Court recommends that enforcement of the subpoena should not be denied on relevancy grounds.

*3.    Whether the information Sought is Already Within the Department of Labor's Possession*

Plaintiff stated at the hearing that it did not have within its possession information sought in the subpoena. The Court is satisfied with Plaintiff's response.

*4. Whether Enforcing the Subpoena Will Constitute an Abuse of the Court's Process*

An abuse of the court's process may be found if the summons has been issued for an improper purpose such as to harass or to put pressure on the respondent to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. *Will*, 671 F.2d at 967. The Secretary bears the burden of satisfying the first three prongs of the test, while the

respondent carries the burden of demonstrating that enforcement of the subpoena will constitute an abuse of process. The respondent bears a heavy burden in showing bad faith on the part of the investigating agency. *Doe*, 253 F.3d at 272.

PulteGroup claims that Plaintiff has embraced union corporate campaigns against PulteGroup and other companies and has allowed unions to determine Department of Labor priorities concerning which companies it should investigate. Essentially, PulteGroup claims that the agency abused the Court's process by vigorously pursuing a charge against PulteGroup because of the influence of a powerful third party, the union, without consciously and objectively evaluating the charge. *See SEC v. Wheeling-Pittsburgh Steel Corp.*, 648 F.2d 118, 125 n.9 (3d Cir. 1981).

PulteGroup claims that the following factors demonstrate Plaintiff's bad faith with regard to the underlying investigation: 1) PulteGroup was targeted for reinvestigation in 2011 despite having undergone a comprehensive Department of Labor investigation in 2010. PulteGroup claims that the 2010 investigation ran concurrently with a union organizing campaign and involved the same workers as those involved in the Department of Labor's current investigation; 2) PulteGroup claims that Plaintiff has engaged in less than honorable tactics, including that it conducted a retaliatory, on-site inspection of the Redmond Ridge East site in December 2011 after PulteGroup questioned Plaintiff's authority under the subpoena; 3) PulteGroup claims that it's CEO, Richard J. Dugas, agreed to attend a meeting with Plaintiff's Senior Advisor, but when he arrived at the meeting he was met by three Department of Labor attorneys who questioned him on issues directly relevant to the investigation outside the presence of and without the permission of counsel; 4) PulteGroup claims that Plaintiff's public embrace of union corporate campaigns has been so apparent that it has prompted a written rebuke from the Chairman of the House of Representatives'

8

Committee on Education and the Workforce; 5) PulteGroup claims that the Department of Labor's requests regarding contractors and suppliers that will perform work within the next twelve months is evidence of abuse of process; and 6) PulteGroup argues that the Department of Labor adopted the pro-union principles espoused in a study by David Weil without validation or peer review of the Weil Report. According to PulteGroup, David Weil supports the use of coercive union tactics, including union reliance on and co-option with regulatory agencies to advance union campaigns.

Plaintiff argued against each of PulteGroup's assertions in its brief and oral argument on the petition. The Court finds that PulteGroup's claim that the Department of Labor adopted and determined agency standards in accordance with the Weil report, and permitted union organizing campaigns to influence which companies the Secretary would target for investigation is speculative at best. As for PulteGroup's contention that Plaintiff conducted a retaliatory on-site inspection, ambushed its corporate CEO in a meeting with Plaintiff's counsel, and asked for unwarranted information regarding contractors who would perform work twelve months into the future, Plaintiff addressed and disposed of each of these allegations to the Court's satisfaction in its brief and oral argument.

As for PulteGroup's claim that it was targeted for reinvestigation in 2011 even after it was investigated by Plaintiff in 2010, the Court is mindful of and in no way minimizes PulteGroup's concerns and the degree to which comprehensive and recurrent Department of Labor investigations might disrupt its business operations. However, the record shows and Plaintiff argued that the 2010 Department of Labor investigation was confined to Pulte Building Systems' operation in Arizona, which is not the same investigation as is currently being conducted. (Docket no. 1, ex. 3). Furthermore, there is legal precedent for the position that two or even three such investigations does

9

not constitute harassment without some other credible evidence of bad faith or improper purpose. *Doe*, 253 F.3d at 272.

The Court suggests that Plaintiff has failed to meet its heavy burden of showing institutional bad faith on the part of the Secretary of Labor.  The Court further suggests that Plaintiff has not made the requisite preliminary and substantial showing of abuse that would allow the Court to permit it to engage in discovery.

5.      *Statute of Limitations*

PulteGroup has made a cursory argument that Topic no. 1 in the subpoena is stale and falls outside the statute of limitations with regard to requests for payroll information pertaining to September 2009, November 2009, and June 2010.  The Portal-to-Portal Pay Act, 29 U.S.C. § 255, provides that any cause of action for unpaid minimum wages, unpaid overtime compensation, or unliquidated damages under the FLSA must be commenced within two years after the cause of action accrues or be forever barred.  If the cause of action arises out of a willful violation it is subject to a three year limitations period.  29 U.S.C. § 255(a).  PulteGroup has not shown that the limitations period applies to and limits the Secretary's authority to conduct investigations, collect data, and issue subpoenas under 29 U.S.C. §§ 209 and 211.  The Court suggests that PulteGroup's argument is without merit.

6.      *Plaintiff's Request to Expand the Subpoena*

During the hearing on the petition Plaintiff argued that it required information pertaining to Topic no. 1 for pay periods up to 2013.  Plaintiff argues that up-to-date information is needed because its investigation and collection of documents under the subpoena have been long delayed by PulteGroup's objections and by the need to file the instant petition.  While the Court is reluctant

to expand the scope of the subpoena, it is also reluctant to leave PulteGroup in a position where the Department of Labor may require yet another investigation or more current, up-to-date information in order to complete its investigation. Accordingly, the Court recommends that PulteGroup be ordered to provide Plaintiff with the information requested in Topic no. 1 for the following time periods: September 2009, November 2009, June 2010, June 2011, September 2011, and with the addition of June 2012 and November 2012.

**D.     Conclusion**

For the reasons stated above, the Court recommends that Plaintiff's petition for enforcement of administrative subpoena *duces tecum* be **GRANTED**, and PulteGroup be ordered to appear and produce documents in compliance with the subpoena at a date and time convenient to the parties but no later than July 31, 2013. The Court further recommends that PulteGroup be ordered to produce relevant documents in response to Topic no. 1 of the subpoena for the following time periods: September 2009, November 2009, June 2010, June 2011, September 2011, June 2012 and November 2012.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 2, 2013            s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 2, 2013            s/ Lisa C. Bartlett
                              Case Manager